**In the Matter of James T. KNIGHT, Respondent.**

No. 09S00–1410–DI–648.

Supreme Court of Indiana.

June 5, 2015.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In October 2012, Respondent was charged with criminal confinement as a Class D felony and domestic battery as a Class A misdemeanor. In June 2014, Respondent pled guilty to domestic battery and the State dismissed the criminal confinement charge. Respondent received a suspended sentence with probation that included drug and alcohol monitoring.

The parties cite no facts in aggravation. Facts cited in mitigation include the following: (1) Respondent's lack of prior discipline; (2) Respondent promptly reported his conviction and cooperated with the Commission; (3) Respondent voluntarily enrolled in JLAP and has been successfully discharged; (4) Respondent continues to receive and respond well to counseling that includes components of domestic violence therapy; and (5) Respondent is remorseful for his actions.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. This discipline is within the range imposed in other cases involving similar misconduct. *See Matter of Scott*, 989 N.E.2d 1249 (Ind.2013). The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.